IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 7, 2010

BILLY ERNEST KILBURN v. TENNESSEE DEPARTMENT OF
CORRECTION ET AL.

Appeal from the Chancery Court for Hickman County
No. 09-289C      Jeffrey S. Bivins, Judge

No. M2010-01362-COA-R3-CV - Filed February 14, 2011

Inmate brought petition for writ of certiorari challenging his conviction of the prison
disciplinary offense of conspiracy to violate state law. The trial court granted judgment on
the record to the Tennessee Department of Correction ("TDOC"). We have concluded that
TDOC failed to follow the Uniform Disciplinary Procedures, but that this departure did not
affect the disposition of the case. We therefore affirm the chancellor's decision.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR.
and RICHARD H. DINKINS, JJ., joined.

Billy Ernest Kilburn, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General;
and Kellena Baker, Assistant Attorney General; for the appellee, Tennessee Department of
Correction, State of Tennessee, Civil Rights and Claims Division.

OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Billy Ernest Kilburn is an inmate in the custody of TDOC and is housed at the Turney
Center Industrial Complex. On September 14, 2009, Kilburn was charged with the prison
disciplinary offense of conspiracy to violate state law, Tenn. Code Ann. § 39-16-201,
possession of a weapon in a penal facility.

The prison disciplinary report issued to Kilburn states that, on September 9, 2009, Officer Roy Bates, who was assigned as security for the TRICOR metal plant, noticed sparks coming from a paint booth. Officer Bates found an inmate, Terry Miller, making a knife with a hand grinder or sander. The disciplinary report further states:

> According to [form] CR-2026 sander number 096 was signed out to Kilburn by Keith Semore TRICOR employee on 9-9-2009 at 12:30 p.m. Inmate Kilburn lost or provided the sander used in the manufacturing of a weapon by inmate Miller . . . .

The report goes on to state that Miller admitted manufacturing the weapon. Miller, Kilburn, and a third inmate, who allegedly warned Miller that Officer Bates was coming, were charged with conspiracy to violate state law, possession of a weapon in a penal facility.

A hearing was held before the prison disciplinary board on September 16, 2009. Kilburn pled not guilty, and according to the hearing summary, argued that the sander was taken from the tool cart and that he had no knowledge that anyone had taken or was using the sander. The hearing summary indicates that the following evidence was introduced: the testimony of Sergeant Jordan, the official who prepared the disciplinary report; the hand sander; and the CR-2026 sign out sheet. Sergeant Jordan testified that Kilburn was responsible for the sander and that his supervisor, Semore, had assigned it to him. Inmate Miller testified that he took the sander without anyone's permission and without Kilburn's knowledge. The board found Kilburn guilty "due to tool control, grinder was signed out to Inmate Kilburn." As punishment, the board imposed a $5 fine, a written reprimand, and recommended job drop.

Kilburn appealed the board's decision to the warden. Kilburn argued that TDOC policy 506.03(H)(3) required that the signature of the employee/inmate receiving a tool had to be on the CR-2026, and he had not signed the form in question. Kilburn requested, but never received, a copy of the CR-2026. The warden affirmed the board's decision. Kilburn then appealed to the TDOC Commissioner, who affirmed the warden's decision on October 22, 2009.

Kilburn filed a petition for common law writ of certiorari on December 18, 2009. After filing a certified copy of administrative record, TDOC filed a motion for judgment on the record. Kilburn responded by filing a statement with several exhibits. One of the exhibits was an internal prison memorandum, dated September 23, 2009, from a deputy warden to all prison staff stating, in part, as follows:

Departmental Policy 506.03 requires that all tools issued be signed out by the receiving employee/inmate on the Tool Control Issue and Turn-In Form, CR-2026. Having the employee or inmates name pre-printed in the signature section of this form is not acceptable. Their [sic] must be an actual signature in this designated area on this form.

In an order entered on June 15, 2010, the chancellor granted TDOC's motion for judgment on the record. With respect to Kilburn's argument regarding the board's failure to follow the Uniform Disciplinary Procedures, the court reasoned:

The record shows that Petitioner testified in his own defense and that the hearing summary adequately describes the evidence introduced at the hearing, the substance of Petitioner's testimony, the substance of the reporting official's testimony, and states detailed reasons for the board's decision. To the extent Petitioner's argument that the board failed to attach form CR-2026 to the hearing summary is an argument that the form was not presented at the hearing, there is no provision in the policy that provides an inmate with the right to review documents or to present them at a disciplinary hearing. To the extent the argument regarding form CR-2026 is an argument that the form was used at the hearing but was not attached to the hearing summary, this argument likewise fails because Petitioner stated in his petition that "the only physical evidence introduced [at the hearing] was . . . air grinder #096."

Kilburn appeals the chancellor's decision.

STANDARD OF REVIEW

The scope of review with respect to a common law writ of certiorari is limited. *Watts v. Civil Serv. Bd.*, 606 S.W.2d 274, 276 (Tenn. 1980); *Leonard Plating Co. v. Metro. Gov't of Nashville & Davidson County*, 213 S.W.3d 898, 903 (Tenn. Ct. App. 2006). A reviewing court may grant relief only when the board or agency has exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. Tenn. Code Ann. § 27-8-101; *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990). The scope of review by the appellate courts is no broader than that of the chancery court in these cases with respect to evidence presented before the board. *Watts*, 60 S.W.2d at 277.

Reviewing a common law writ of certiorari "does not extend to a redetermination of the facts found by the board or agency whose decision is being reviewed." *Leonard Plating*, 213 S.W.3d at 903. Courts are not permitted to "(1) inquire into the intrinsic correctness of the decision, (2) reweigh the evidence, or (3) substitute their judgment for that of the board

-3-

or agency." *Id.* at 903-04 (citations omitted). Rather, the courts must review the board's decision to determine whether there is any material evidence to support the decision; "a decision without evidentiary support is an arbitrary one." *Id.* at 904. The determination of whether the board's decision is supported by material evidence is a question of law. *Id.* To support a board's decision, the material evidence "must exceed a scintilla of evidence but may be less than a preponderance of the evidence." *Id.*

ANALYSIS

Kilburn asserts that TDOC failed to fulfill its obligations under Tenn. Code Ann. § 27-9-109 by failing to include in the administrative record provided to the court a copy of the CR-2026 tool sign-out form. Tenn. Code Ann. § 27-9-109 requires the board to provide the court with a complete transcript of the proceedings "containing also all the proof submitted before the board or commission." In his petition for common law writ of certiorari and in his brief, however, Kilburn acknowledges that the CR-2026 form, though listed on the hearing summary, was not actually presented to the board.

Kilburn's more convincing argument is that TDOC committed error in failing to produce the CR-2026 form at the hearing or thereafter in violation of the Uniform Disciplinary Procedures ("UDP"). The UDP are intended to "provide for the fair and impartial determination and resolution of all disciplinary charges placed against inmates." TDOC Policy No. 502.01(II). Although the UDP do not give inmates due process guarantees greater than those that are constitutionally required, deviations from the UDP may warrant judicial relief if the inmate can show "substantial prejudice as a result and that the error would have affected the disposition of the case." TDOC Policy No. 502.01(V); *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 713 (Tenn. 2003). In other words, the departure from the UDP must "effectively deny the prisoner a fair hearing." *Jeffries v. Tenn. Dep't of Corr.*, 108 S.W.3d 862, 873 (Tenn. Ct. App. 2002).

The specific provision of the UDP at issue in this case is TDOC Policy No. 502.01(VI)(L)(4)(c)(3), which gives an inmate the right to "cross-examine any witness (except a confidential source) who testified against him/her and to review all adverse documentary evidence (except confidential information)." TDOC interprets the final phrase concerning "adverse documentary evidence" to mean any evidence presented against the inmate. Since the CR-2026 was not presented at the hearing, TDOC argues, Kilburn had no right to examine it. We consider this interpretation too restrictive. TDOC specifically relied upon the CR-2026 in finding Kilburn guilty of the disciplinary infraction. Sergeant Jordan, the reporting official, testified that, according to the CR-2026 form, the sander was checked out to Kilburn by a TRICOR employee. On this basis, the board found Kilburn guilty. While the CR-2026 was not actually introduced at the hearing, its contents were an integral part of

TDOC's case against Kilburn, and we believe that the UDP provision quoted above gave Kilburn the right the examine the form as "adverse documentary evidence."

We believe TDOC violated the UDP by failing to provide Kilburn with the CR-2026 form, but this error was harmless because a TDOC employee testified that the form indicated that the sander was checked out to Kilburn by a TRICOR employee. Thus, the fact that Kilburn himself did not sign the form was already part of the record before the board. The board evaluated the evidence and the credibility of the witnesses, and the record contains material evidence to support its decision.

CONCLUSION

For the reasons discussed above, we affirm the decision of the chancellor. Costs of appeal are assessed against the appellant, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE